NA LEI ALII KAWANANAKOA, a Hawaii non profit corporation; Royal Hawaiian Academy of Traditional Arts, a Hawaii non-profit corporation, Plaintiffs—Appellees,

v.

HUI MALAMA I NA KUPUNA O HAWAI'I NEI, a Hawaii non-profit corporation, Defendant—Appellant,

Bishop Museum, a Hawaii non-profit corporation, Defendant—Appellee.

No. 05–16721.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 6, 2005.

Decided Dec. 12, 2005.

Sherry P. Broder, Esq., Davies Pacific Center, George W. Van Buren, Esq., John B. Shimizu, Esq., Van Buren Campbell & Shimizu, Honolulu, HI, for Plaintiffs–Appellees.

Alan T. Murakami, Esq., M. Uilani Pauole, Esq., Native Hawaiian Legal Corporation, LindaLee (Cissy) Farm, Esq., Bruce Lamon, Esq., Goodsill Anderson Quinn & Stifel LLP, Honolulu, HI, for Defendants–Appellants.

## MEMORANDUM *

Defendant–Appellant Hui Malama I Na Kupuna O Hawai'i Nei ("Hui Malama") appeals an order of the district court granting Plaintiffs Na Lei Alii Kawananakoa and Royal Hawaiian Academy of Traditional Arts's (collectively "Plaintiffs") motion for a preliminary injunction. The injunction requires Hui Malama to return certain funerary objects to Defendant–Appellee Bishop Museum, or to cause them to be returned to the museum. We stayed the injunction pending the outcome of this interlocutory appeal. We have jurisdiction pursuant to 28 U.S.C. § 1292 and we affirm the district court and vacate the stay.

We review for abuse of discretion a district court's order granting a preliminary injunction. *Sw. Voter Registration Educ. Project v. Shelley,* 344 F.3d 914, 918 (9th Cir.2003) (en banc). Our review is "limited and deferential." *Id.* The district court abuses its discretion when it applies an incorrect legal standard, misapprehends the law in its initial assessment of the merits of the case, or relies on clearly erroneous findings of fact. *Caribbean Marine Servs. Co. v. Baldridge,* 844 F.2d 668, 673 (9th Cir.1988). "Absent one of these errors, the district court's decision will not be reversed merely because the appellate court would have arrived at a different result if it had initially applied the law to the facts of the case." *Id.*

"A preliminary injunction is appropriate where plaintiffs demonstrate either: (1) a likelihood of success on the merits and the possibility of irreparable injury; or (2) that serious questions going to the merits were raised and the balance of hardships tips sharply in [their] favor." *Southwest Voter,* 344 F.3d at 917 (internal quotation omitted) (alteration in original). "The district court must also consider whether the public interest favors issuance of the injunction." *Id.*

The district court properly applied this legal standard. In its Order Granting Plaintiffs' Motion for a Preliminary Injunction, the court found "that Plaintiffs have raised serious questions as to whether a violation of the Native American Graves Protection and Repatriation Act has occurred, and that there is a great risk of irreparable harm to the [funerary objects],

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

tipping the balance of hardships sharply in Plaintiffs' favor." The court also concluded "that the interests of justice and the public would be best served by bringing the items back to a secure location at the Bishop Museum during the pendency of this matter." These findings are supported by the record and are not clearly erroneous. Because the district court neither applied an incorrect legal standard, misapprehended the law, nor relied on clearly erroneous findings of fact, it did not abuse its discretion in granting the preliminary injunction.

We AFFIRM the district court's order granting a preliminary injunction. We also VACATE the stay order issued by this court on September 20, 2005.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.